IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

RECEIVED

DEC 1 2 2025

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

MIRACLE HURSTON, )
)
Plaintiff, )
V. )
VALLEY CENTRAL BANK )
an Ohio corporation, )
VALLEY CENTRAL MHC, )
an Ohio mutual holding company, )
Nikki Rogers, )
in her individual and official capacities, )
JOHN/JANE DOES 1–10, )
Defendants. )

CASE NO. 1:25CV922

JURY DEMAND

J. McFARLAND

M.J. BOWMAN

**COMPLAINT FOR DAMAGES,**

**DECLARATORY, AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. This action arises from racial discrimination, unlawful retaliation, defamation, and bad-faith account termination by a federally insured bank after Plaintiff complained about discriminatory treatment of Black men.

2. Plaintiff was falsely accused—in writing—of threatening and menacing conduct that never occurred, immediately after engaging in protected activity under federal and state civil-rights law.

1

3. Defendants then retaliated by closing Plaintiff's account, despite assuring Plaintiff—through counsel—that he would be given time to transition his accounts, causing returned payments, financial loss, and reputational harm.

4. Most critically, a branch manager expressly admitted that Plaintiff's complaint of racial discrimination itself was "the problem," directly identifying Plaintiff's protected activity as the reason for the adverse action.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under 42 U.S.C. § 1981.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's Ohio law claims because they arise from the same nucleus of operative facts.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Butler County, Ohio, within the Western Division.

## III. PARTIES

8. Plaintiff Miracle Hurston is a resident of Middletown, Butler County, Ohio, and a Black man.

9. Defendant Valley Central Bank ("VCB") is an Ohio corporation, FDIC-insured (Certificate No. 28555), with its principal place of business at 6550 Princeton Glendale Road Liberty Township, Butler County, Ohio 45011.

10. Defendant Valley Central MHC is the mutual holding company of Valley Central Bank and exercised control over bank policies and decisions relevant to this action.

11. Defendant Nikki Rogers was at all relevant times a Branch Manager at VCB's Middletown branch and personally participated in the conduct alleged herein.

12. Defendants John/Jane Does 1–10 are additional VCB employees or agents whose identities will be determined through discovery.

## IV. FACTS

### A. Plaintiff's Banking Relationship

13. Plaintiff maintained a personal checking account with VCB at its 701 N. University Blvd., Middletown, Ohio branch.

14. Plaintiff's account was funded, active, and in good standing, and was not under investigation for fraud or criminal activity at the time of closure.

### B. July 29, 2025 – Plaintiff Engages in Protected Activity

15. On July 29, 2025, Plaintiff entered the Middletown branch after receiving a call from teller Anita, advising that a pending transaction required funds to be deposited by noon.

16. While completing the deposit, Plaintiff asked a clarifying question regarding the cutoff time for avoiding overdraft fees.

17. Defendant Nikki Rogers overheard the exchange and summoned Plaintiff into her office.

18. Ms. Rogers initiated the discussion in a hostile and confrontational manner.

19. Plaintiff remained calm, respectful, and non-threatening throughout the interaction.

20. Out of concern that his conduct might later be mischaracterized, Plaintiff recorded portions of the interaction.

21. The discussion ended amicably, including a handshake and hug.

22. No employee expressed fear, concern, or distress during or after the interaction.

3

23. During this discussion, Plaintiff raised concerns about discriminatory treatment of Black men by the bank and stated that he felt discriminated against.

**C. The August 11, 2025 Defamatory Letter**

24. On August 11, 2025, VCB's counsel sent Plaintiff a letter accusing him of:

    a. Being disruptive;

    b. Menacing staff;

    c. Verbally assaulting employees; and

    d. Making staff feel unsafe.

25. The letter further alleged Plaintiff overdrafted his account "18 times," a misleading characterization contradicted by VCB's own policies and prior practice.

26. These statements were false.

27. The letter was authored and transmitted by counsel on behalf of VCB and disseminated to bank personnel.

**D. August 22, 2025 – Delivery of the Letter**

28. On August 22, 2025, Plaintiff first visited VCB's Middletown branch, where Defendant Nikki Rogers notarized a document for Plaintiff without incident.

29. At no time during that visit did Ms. Rogers or any staff member express concern, fear, or discomfort regarding Plaintiff's presence or conduct.

30. Later that same day, Plaintiff visited VCB's Liberty Township branch to deposit a check.

31. During that visit, a teller personally handed Plaintiff the August 11, 2025 letter announcing account termination and accusing Plaintiff of threatening conduct.

### E. Counsel's Assurance and Plaintiff's Reliance

32. After receiving the August 11 letter, Plaintiff spoke directly with VCB's counsel, Reed H. Davis, on August 22, 2025.

33. Counsel stated that VCB would provide Plaintiff additional time to make arrangements to transition his accounts and would facilitate the process.

34. Plaintiff reasonably relied on this express assurance.

35. Plaintiff did not immediately move funds or take emergency action and called and left messages in good faith to discuss arrangements.

### F. Express Admission of Retaliatory Motive

36. After learning of the false accusations and following the conversation with counsel, Plaintiff returned to the Middletown branch to seek clarification.

37. During that interaction, Plaintiff expressly stated, in substance and effect, that the only thing he had done was complain about discriminatory treatment of Black men by the bank and express that he felt discriminated against.

38. Plaintiff further stated that he had not threatened anyone, raised his voice, or engaged in disruptive behavior, and asked why his account was being closed if the July 29, 2025 discussion had ended calmly and without incident.

39. In direct response, Defendant Nikki Rogers unequivocally stated, "that's the problem," referring specifically to Plaintiff's complaint of racial discrimination.

40. Defendant Rogers made this statement after Plaintiff identified his discrimination complaint as the sole conduct at issue and before Plaintiff's account was permanently closed, thereby directly linking the protected activity to the adverse action.

41. This statement constituted an express admission that Plaintiff's protected activity—complaining of racial discrimination—was the reason Defendants took adverse action against him.

42. Plaintiff possesses an audio recording of this exchange, which accurately captures Defendant Rogers's statement and confirms the retaliatory motive.

### G. Abrupt Closure and Resulting Harm

43. Despite counsel's assurance that Plaintiff would be given time to transition his accounts, VCB closed Plaintiff's account and remitted the remaining balance by check without providing the promised opportunity or meaningful advance notice.

44. As a direct and proximate result:

   a. Checks and automatic debits were returned unpaid;

   b. Plaintiff incurred fees and financial penalties;

   c. Plaintiff suffered disruption of financial affairs, reputational harm, and emotional distress.

### H. Pretextual Overdraft Justification

45. VCB's claim that Plaintiff overdrafted his account "18 times" is misleading.

46. VCB's policies allowed customers to deposit funds by a cutoff time to avoid overdraft consequences.

47. Plaintiff complied with those policies.

48. To Plaintiff's knowledge, only one overdraft fee was ever assessed, which Defendant Rogers offered to address.

49. Prior to Plaintiff's discrimination complaint, VCB did not treat this conduct as misconduct.

## V. LEGAL CLAIMS

### COUNT I—Race Discrimination in Contracting

### 42 U.S.C. § 1981(Against All Defendants)

50. Plaintiff realleges and incorporates by reference ¶¶ 1–49.

51. Plaintiff is a member of a protected class.

52. Plaintiff had an existing contractual relationship with VCB.

53. Defendants interfered with and terminated that contract because of race.

54. Defendants' stated reasons were pretextual.

55. Plaintiff suffered damages.

### COUNT II—Retaliation

### 42 U.S.C. § 1981(Against All Defendants)

56. Plaintiff realleges and incorporates by reference ¶¶ 1–55.

57. Plaintiff engaged in protected activity by complaining of racial discrimination.

58. Defendants took adverse actions, including false accusations and account termination.

59. Defendants expressly identified Plaintiff's protected activity as the reason for the adverse action.

## COUNT III—Ohio Civil Rights Act

## R.C. § 4112.02(G)

60. Plaintiff realleges and incorporates by reference ¶¶ 1–59.

61. Defendants discriminated and retaliated against Plaintiff in the provision of banking services.

## COUNT IV—Defamation (Libel)

## (Ohio Law)

62. Plaintiff realleges and incorporates by reference ¶¶ 1–61.

63. Defendants published false statements accusing Plaintiff of threatening and unsafe conduct.

64. The statements were made with knowledge of falsity or reckless disregard for the truth.

65. Plaintiff suffered reputational and emotional harm.

## COUNT V—Promissory Estoppel / Detrimental Reliance

66. Plaintiff realleges and incorporates by reference ¶¶ 1–65.

67. Defendants promised Plaintiff time to transition his accounts.

68. Plaintiff reasonably relied on that promise.

69. Defendants breached the promise, causing foreseeable harm.

## COUNT VI—Breach of Duty of Good Faith and Fair Dealing

70. Plaintiff realleges and incorporates by reference ¶¶ 1–69.

71. Defendants exercised contractual discretion dishonestly and in bad faith.

## VI. DAMAGES

72. Plaintiff realleges and incorporates by reference ¶¶ 1–71.

73. Plaintiff suffered financial losses, returned-item fees, reputational harm, emotional distress, and loss of banking services.

## VII. JURY DEMAND

74. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Miracle Hurston respectfully requests that this Court Award:

A. Compensatory damages;

B. Punitive damages under 42 U.S.C. § 1981;

C. Attorneys' fees and costs under 42 U.S.C. § 1988;

D. Declaratory relief;

E. Injunctive relief requiring retraction of false accusations;

F. Such other relief as the Court deems just and proper.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true.

_/s/ M_____     _12/12/2025_____

Miracle Hurston                                Date

Respectfully,

_____  12/12/2025

Miracle Hurston

1812 Grand Avenue

Middletown, OH 45044